■  In the Matter of the Adoption by ROCKWELL C. BESHURES and Another of CASANDRA ANNETTE and Another.— Order unanimously reversed on the law and facts, without costs, and petition denied. Memorandum: The court's finding that " the natural mother of the children, Linda Lilly, has over a period of two years embarked on a course of conduct which amounts to abandonment of the children" is not supported by the evidence. From the time she was advised by her mother in June, 1971 that petitioners sought to adopt the children she made her objection known by telephone and by personal call. While there may be a serious question as to the environment in which she kept the children prior to temporary custody being taken from her by the Georgia authorities on October 9, 1969, she never evinced a purpose to rid herself of her parental obligations at any time prior to custody being taken from her. Thus any question as to her conduct insofar as her relinquishment of parental responsibility is concerned can relate only to the period from October, 1969 to July, 1971. Her testimony, which is not controverted, is that she was allowed visitation with the children once a week by the order of October 9, 1969, of which she regularly availed herself until temporary custody of the children was given to the petitioners in New York State in July, 1970. It appears from her testimony, again not challenged, that transfer of the children to the State of New York was not entirely voluntary on her part and in fact her testimony evidenced her disposition then not to relinquish her parental rights, because her assent to giving temporary custody to petitioners was given only as an alternative to the choice of signing a consent to adoption in Georgia, which she then refused. While the record does not demonstrate any effort on appellant's part to contact petitioners or her children directly during the period from July, 1970 to July, 1971, it does appear that she made efforts to work out plans for the children with the welfare authorities which efforts were unsuccessful due to her personal circumstances and lack of financial resources. Also, her continued interest in her children was demonstrated by her efforts to make contact with them through her mother and her sister who resided in the same area as petitioners. We cannot find on the part of appellant mother " a settled purpose

to be rid of all parental obligations and to forego all parental rights". (*Matter of Maxwell,* 4 N Y 2d 429, 433). Absent such finding, we conclude that the petitioners failed to sustain the burden of establishing such an abandonment of the children by appellant as would permit the court to dispense with the requirement of appellant's consent to the children's adoption under section 111 of the Domestic Relations Law (see *Matter of Willing,* 271 App. Div. 935, affd. 298 N. Y. 566). (Appeal from order of Oswego County Family Court in adoption proceeding.) Present — Del Vecchio, J. P., Marsh, Cardamone, Simons and Henry, JJ.